[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #110
On March 8, 1996, the plaintiff, Joseph P. Rigoglioso, filed a two count complaint alleging breach of contract against the defendants, Stevens Ford, Inc. (Stevens) and Ford Motor Credit Co. (Ford). The plaintiff alleges in his complaint that on October 18, 1995, he entered into a contract with Stevens to purchase a 1995 Ford Taurus SHO. The purchase was financed by a Connecticut Retail Installment Contract, dated October 19, 1995. The plaintiff took possession of the vehicle on October 20, 1995, but after noticing mechanical difficulties with the vehicle, the plaintiff returned the vehicle to Stevens on November 6, 1996. Stevens advised the plaintiff that the vehicle had a "faulty intermediate clutch pack and balance piston inside the transmission." The plaintiff orally revoked his acceptance of the vehicle on November 6, 1995, and in writing on November 7, 1995, pursuant to General Statutes § 42a-2-608. The plaintiff alleges that Stevens has failed to provide a conforming vehicle or to return any of the funds paid by the plaintiff. The plaintiff also alleges that Stevens assigned its rights under the installment contract to Ford, which has demanded payment despite the plaintiff's revocation of acceptance.
Ford filed its answer, special defenses and counterclaim on April 19, 1996. In its counterclaim, Ford alleges that the plaintiff defaulted on his payment under the installment CT Page 9728 contract, Ford notified the plaintiff of its repossession of the vehicle and his right to redeem. Ford then alleges that on March 29, 1996, it sold the vehicle for an amount less than what the plaintiff owes under the contract and has therefore been damaged.
On August 30, 1996, the plaintiff filed a motion for summary judgment on the Ford's counterclaim on the ground that Ford's claims are barred by General Statutes § 36a-786. Ford filed a memorandum in opposition on September 27, 1996.
"Summary judgment shall be rendered forthwith if the j pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) HomeInsurance Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Home Insurance Co. v. Aetna Life Casualty Co., supra, 235 Conn. 202.
The plaintiff contends that Ford's counterclaim is barred by § 36a-786 because Ford did not give the plaintiff a written statement regarding the disposition of the proceeds of the resale within thirty days as is required by General Statutes § 36a-785. Ford maintains that to bar an action under § 36a-786 the violation must be wilful, and that the plaintiff waived any right to timely resale notice by abandoning the vehicle.
Section 36a-786 provides in pertinent part that "[a] wilful
violation of any provision of sections 36a-770 to 36a-788, inclusive, 42-100b and 42-100c . . . by any person, firm, CT Page 9729 association or corporation shall bar recovery of any finance, delinquency or collection charge by the owner or holder of the retail instalment contract or any interest, delinquency or collection charge by the owner or holder of an instalment loan contract involved, provided such owner or holder approved of or had knowledge of such violation and after such approval or knowledge retained the benefits, proceeds, profits or advantages accruing from such violation or otherwise ratified such violation." (Emphasis added.) The plaintiff alleges that Ford violated § 36a-785 (e)(3) which states in relevant part that "[w]ithin thirty days of the resale, the holder of the contract shall give the retail buyer a written statement itemizing the disposition of the proceeds. . . ."
The plaintiff argues that he did not receive this written statement until approximately fifty days after the resale, thereby barring Ford from recovering a deficiency judgment. Ford responds that the delay was not wilful as they had computer difficulties, and were unable to get accurate figures to close the plaintiff's account.
Whether Ford's violation of § 36a-786 was "wilful" raises a genuine issue of material fact. "`Wilful' has been defined in many ways, and the applicable definition often turns on the specific facts of the case and the context in which it is used."Doe v. Marselle, 236 Conn. 845, 851, 675 A.2d 835 (1996). "Black's Law Dictionary (6th Ed. 1990) demonstrates the varied ways that wilful has been defined ranging from `voluntary; knowingly; deliberate . . . [i]ntending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary' to `[p]remeditated; malicious; done with evil intent, or with a bad motive or purpose, or with indifference to the natural consequences.' Additionally, we have defined the term differently depending on the context." Id., 862 n. 8. Accordingly, whether Ford's untimely written statement was a wilful act within the context of § 36a-786 presents a mixed question of law and fact that cannot properly be determined on a motion for summary judgment.
Ford also argues that the plaintiff has waived his rights under statute by abandoning the vehicle, and disavowing ownership of the vehicle. Ford contends that the plaintiff may not now take advantage of these statutes since his actions show that he has relinquished his rights under those statutes. CT Page 9730
"Waiver is the intentional abandonment of a known right. . . . `Waiver is the voluntary relinquishment of a known right. It involves the idea of assent, and assent is an act of understanding. . . . Intention to relinquish must appear, but acts and conduct inconsistent with intention to [relinquish] . . . are sufficient. . . . Waiver is a question of fact for the trier. . . . At bottom, there must be a `right' that is capable of being waived. As a general matter, rights granted by statute may be waived unless the statute is intended to protect the general rights of the public rather than public rights." (Citations omitted.) Soares v. Max Services, Inc.,42 Conn. App. 147, 175, 679 A.2d 37 (1996).
Here, a genuine question of material fact exists as to whether the plaintiff waived his rights under § 36a-786. Accordingly, the plaintiff's motion for summary judgment on Ford's counterclaim is denied.
THE COURT
MAIOCCO, J.